**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**BRYCE LEROY SPANGLER PROVANCE**                                                                **PLAINTIFF**

**v.**                                                                                **CIVIL ACTION NO. 4:24-CV-135-JHM**

**KATHY DOE,** *et al.*                                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow some claims to proceed.

### I.

Plaintiff Bryce Leroy Spangler Provance is incarcerated as a convicted prisoner at Daviess County Detention Center ("DCDC"). He names as Defendants Kathy Doe, a kitchen employee, and DCDC Deputy Jailer Jack Jones in both their official and individual capacities. Plaintiff brings this action pursuant to § 1983 alleging violations of his Eighth Amendment rights.

Plaintiff alleges that in the fall of 2024, he worked kitchen detail at DCDC and Defendant Doe, a supervisor/employee of the kitchen, verbally harassed and retaliated against Plaintiff and communicated to other inmates that if he "was in building 3 no one would get extras, . . . no one would have thanksgiving," and if he did not get the dishes done, "no one would get a break." [DN 1 at 4]. Plaintiff alleges that because of the harassment and rhetoric, he was involved in a physical altercation with other inmates on November 25, 2024, which landed him "in the hole." Plaintiff states that he filed grievances with Defendant Jones and requests to be reassigned to a different job and facility, that Defendant Jones was aware of the harassment, and that Defendant Jones and others failed to act.

Plaintiff further claims that the conditions of confinement at DCDC are unconstitutional. Specifically, Plaintiff alleges that DCDC is overcrowded with inmates sleeping 15 on the floor next to toilets, mop water is not changed "in the hole," mats are not given "in the hole" most of day, the holes are freezing, inmates are given nothing to clean the cells, state and county inmates are housed together creating a dangerous living situation, building 3 has no outdoor recreation, and the indoor gym has been closed to inmates for several years.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Individual-Capacity Claims

#### 1. Harassment:  Defendant Doe

Plaintiff alleges that Defendant Doe verbally harassed and retaliated against Plaintiff and communicated to other inmates that if Plaintiff "was in building 3 no one would get extras, . . . no one would have thanksgiving," and if he did not get the dishes done, "no one would get a break."  [DN 1 at 4].

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same); *see also Hart v. Puckett*, No. 3:24-CV-P489-JHM, 2024 WL 4819269, at *3 (W.D. Ky. Nov. 18, 2024).

For these reasons, the Court will dismiss Plaintiff's harassment/retaliation claim against Defendant Doe.

### 2. Failure to Protect: Defendants Doe and Jones

Plaintiff asserts that by communicating the above information to other inmates, Defendant Doe placed Plaintiff's safety at risk, and because of her actions, he was ultimately involved in a physical altercation with other inmates on November 25, 2024, which landed him "in the hole." Plaintiff maintains that Defendant Jones was aware of the harassment by Defendant Doe, but he failed to take action putting Plaintiff at risk of being harmed by other inmates.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, including directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant knew would cause the plaintiff serious harm. *Id.* at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *see also Jones v. Mays*, No. 3:19-CV-00795, 2020 WL

5106760, at *8 (M.D. Tenn. Aug. 31, 2020) (allowing or encouraging inmates to harm other inmates adequately states an Eighth Amendment failure-to-protect claim); *Drummond v. Angelucci*, No. 23-CV-4767, 2024 WL 2136284, at *11 (E.D. Pa. May 10, 2024) (allowing inmate's failure to protect claim against officers who showed other inmates plaintiff's charges).

Upon consideration, the Court will allow this claim to proceed against Defendants Doe and Jones.

### B. Official-Capacity Claims

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Doe and Jones are actually brought against their employer, Daviess County and/or Kellwell, which Plaintiff represents is the company that runs the kitchen at DCDC.

Neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

#### 1. Failure to Protect

Plaintiff alleges that he filed grievances with Defendant Jones regarding the conduct of Defendant Doe and requested to be reassigned to a different job and facility, but that Defendant Jones and others failed to act causing Plaintiff's physical altercation with other inmates and being

5

placed "in the hole." Here, Plaintiff has not alleged that he suffered any injury as a result of an official custom or policy of Defendants Daviess County or Kellwell. As such, Plaintiff fails to establish a basis of municipal liability and fails to state a cognizable § 1983 against them. Accordingly, the Court will dismiss the failure-to-protect claims against Daviess County and Kellwell.

### 2. Conditions of Confinement

Plaintiff sues Daviess County alleging that the conditions of confinement at DCDC are unconstitutional in violation of the Eighth Amendment of the United States Constitution. In the context of conditions of confinement, the Eighth Amendment's prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement." *Farmer*, 511 U.S. at 832. However, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citation omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

An Eighth Amendment claim includes both an objective and a subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component requires the plaintiff to demonstrate that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

First, Plaintiff's complaint that DCDC is overcrowded with inmates sleeping 15 on the floor next to toilets does not violate the Eighth Amendment. "[O]vercrowding is not, in itself, a constitutional violation," unless it results "in an unconstitutional denial of such basic needs as

6

food, shelter, or sanitation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (citing *Wilson*, 501 U.S. at 298; *Rhodes*, 452 U.S. at 345–48). Thus, only "extreme deprivations" can "support a prison-overcrowding claim." *Agramonte*, 491 F. App'x at 560 (internal quotation marks omitted); *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing inmates to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Edwards v. Warren Cnty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 WL 445115, at *4 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed").

Second, Plaintiff's allegations that "in the hole," mop water is not changed, mats are not given during the daylight hours, the cells are freezing, and inmates are given nothing to clean the cells likewise do not violate the Eighth Amendment. *See, e.g.*, *Watison v. Perry*, No. 23-5059, 2024 WL 3461194 at *2 (6th Cir. Feb. 15, 2024) (nine days in segregation in a cold cell with no bedding or change in clothing not so severe as to violate the Eighth Amendment); *Dykes v. Benson*, No. 22-1184, 2022 WL 19076614, at *6 (6th Cir. Nov. 22, 2022) ("temporary exposure to unsanitary conditions does not [meet this standard]"); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment"); *Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (allegations that the plaintiff was forced to sleep in a cold cell for six days does not rise to the level of a constitutional violation); *Dean v. Campbell*, No. 97-5955, 1998 WL 466137 at *2 (6th Cir. July 30, 1998) (confinement in a cold segregation cell for more than twenty days not sufficient to show "the type of extreme deprivation which are necessary for an Eighth Amendment conditions of confinement claim"); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750

at *1 (6th Cir. Feb. 15, 1996) (deprivation of a mattress for a 14-day period does not violate the Eighth Amendment); C*hilton v. Walters*, No 3:21 CV 1312, 2022 WL 541193 at *2–4 (N.D. Ohio Feb. 23, 2022) (being placed in a cold cell in only a paper gown and without a blanket or mattress for nine days does not violate the Eighth Amendment).

Third, Plaintiff's claim that a dangerous living situation exists at DCDC because state and county inmates are housed together does not support a condition-of-confinement claim. This Court finds this allegation to be similar to a claim that an inmate fears violence because of overcrowding. Generally, an overcrowding claim based upon violence is only cognizable if the plaintiff alleges that the overcrowding *has caused* an increase in violence. *See, e.g.*, *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) (citing *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Thus, because Plaintiff does not allege that the housing of inmates of various classifications together has directly caused an increase in violence at DCDC, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

Finally, Plaintiff claims that because of the overcrowding, Building 3 inmates have no outdoor recreation and that the indoor gym has been closed to inmates for several years. Upon consideration, the Court will allow this claim to proceed against Daviess County.

### C. Transfer

Plaintiff requests transfer to another facility. However, the law is clear that a prisoner has no right to be incarcerated in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223–25 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Dancy v. George*, No. 07-CV-97-GFVT, 2007 WL 2251926, at *2 (E.D. Ky. Aug. 2, 2007) ("[W]ell-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison; transfers to any

particular prison; any particular security classification; or housing assignment[.]"). The Court will dismiss this claim for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Eighth Amendment individual-capacity claim for harassment against Defendant Doe, Plaintiff's Eighth Amendment failure-to-protect claim against Defendants Daviess County and Kellwell, Plaintiff's Eighth Amendment conditions-of-confinement claims based upon overcrowding, lack of mats and sanitation, and the risk of violence, and Plaintiff's injunctive relief for transfer to another facility are **DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

The **Clerk of Court** is **DIRECTED to add Daviess County as a Defendant**.

The Court will enter a separate Service and Scheduling Order to govern the development of the claims the Court has allowed to proceed: an Eighth Amendment claim for failure to protect against Defendants Doe and Jones in their individual capacities and an Eighth Amendment claim against Daviess County for the lack of indoor and outdoor exercise. In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

Date: April 8, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Daviess County Judge-Executive
Daviess County Attorney
4414.014

9